IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| v.  ) | Case No. 1:10-CR-279 (GBL) |
| ) | |
| EUGENE ANTHONY THOMAS,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |

### DEFENDANT'S MOTION FOR REVOCATION
### OF DETENTION ORDER AND REQUEST FOR A HEARING

COMES NOW the Defendant Eugene Anthony Thomas, by his counsel, Aamra S. Ahmad, and pursuant to 18 U.S.C. § 3143(a)(2), moves this Honorable Court to revoke the order of detention imposed by Magistrate Judge Theresa C. Buchanan, on June 1, 2010, and enter an order releasing him on strict supervision conditions, including residing with a suitable third-party custodian and home confinement with electronic monitoring, until the sentencing hearing, or, alternatively, for a brief period of time to tend to his personal matters and spend quality time with his family prior to serving his sentence.  Mr. Thomas also requests a hearing on this matter before a District Court Judge.  He asks for this matter to be heard by the Court at the time of his plea hearing, which is scheduled for Thursday, July 29, 2010, at 11:30 a.m.

Mr. Thomas submits that exceptional circumstances exist in this case and support his request for release on conditions.  On July 29, 2010, Mr. Thomas will enter a plea of guilty to a two-count criminal information charging him with committing two firearm offenses in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and § 924(c)(1)(A).  By pleading guilty to these offenses, Mr. Thomas will be subject to an exceptionally lengthy mandatory minimum term of incarceration.  He will serve that

period of incarceration at a facility selected by the Bureau of Prisons. Mr. Thomas' closest family members are his grandmother, his mother, and his daughter; they all reside in Virginia. Although Mr. Thomas' family resides in Virginia, it is likely that he will be designated to a facility outside the Washington, D.C. metro area, like many other male criminal defendants whose residence was in Virginia at the time of their arrest. It is highly likely that he will be incarcerated for the remainder of his grandmother's life as well as, possibly, his mother's life. When he is released, his daughter will be older than he is today. He seeks release now so that he can see his grandmother, mother, and daughter outside of the prison environment, where the glass screen that divides visitors from inmates in the prison setting is absent.

Under the terms of the plea agreement, Mr. Thomas is obligated to pay restitution to the victims. Restitution is expected to be in the thousands of dollars and Mr. Thomas is the only defendant in this case. A defendant with even minimum-wage employment could take substantial steps toward making payments toward the relatively low amount of restitution owed in this case. Releasing Mr. Thomas on conditions until the sentencing hearing would permit him to make efforts toward paying restitution to the victims now, rather than after he has completed his prison sentence many years from now.

The following proposed conditions would ensure that Mr. Thomas is constantly monitored:

- home confinement;
- electronic monitoring;
- supervision by the Pretrial Services Office, including drug testing; and
- residing with a suitable third-party custodian.

The imposition of onerous limitations on Mr. Thomas' freedom – electronic monitoring, home detention, and residing with a third-party custodian – all but guarantee that Mr. Thomas will not flee or pose a safety risk to the community. Mr. Thomas acknowledges that he has prior convictions, but his convictions are all nonviolent. His adult convictions are all misdemeanors. The instant offense involved the use of a firearm, but that firearm was seized by the government. Electronic monitoring, home detention, and custodianship by a third-party will entirely satisfy any concerns for the safety of the community.

In sum, the stringent release conditions which Mr. Thomas has proposed establish that release pending sentencing is warranted in this case. Alternatively, Mr. Thomas seeks a brief period of release that will also allow him to spend quality face-to-face time with his family prior to serving his sentence.

>Respectfully submitted,
>EUGENE ANTHONY THOMAS
>
>By Counsel,
>Michael S. Nachmanoff,
>Federal Public Defender
>
>By:      /s/
>Aamra S. Ahmad
>Virginia Bar #75929
>Assistant Federal Public Defender
>Counsel for the Defendant
>1650 King St., Suite 500
>Alexandria, Virginia 22314
>(703) 600-0800 (tel.)
>(703) 600-0880 (fax)
>Aamra_Ahmad@fd.org

## CERTIFICATE OF SERVICE

 I hereby certify that on the 28th day of July 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jonathan Fahey
Assistant U.S. Attorney
2100 Jamieson Ave.
Alexandria, Virginia, 22314

                /s/
              Aamra S. Ahmad, Esquire
              Assistant Federal Public Defender
              Counsel for the Defendant
              1650 King St., Suite 500
              Alexandria, Virginia 22314
              Ph. (703) 600-0819
              Fax (703) 600-0880
              Aamra_Ahmad@fd.org