IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:10CR279 (GBL) |
| | ) | |
| EUGENE A. THOMAS, | ) | Civil No.  1:16CV744 (GBL) |
| | ) | |
| Defendant. | ) | |

### PETITIONER'S RESPONSE TO THE COURT'S AUGUST 9, 2017, ORDER DIRECTING THE PARTIES TO SUBMIT SUPPLEMENTAL BRIEFING

Comes now the Petitioner, Eugene Anthony Thomas, by counsel, and submits this response to the Court's August 9, 2017, Order directing the parties to submit supplemental briefing "explaining how, if at all, recent developments in case law affect the party's position on Petitioner's § 2255 Motion."

On June 23, 2016, Mr. Thomas filed a motion to vacate his 18 U.S.C. § 924(c) conviction pursuant to 28 U.S.C. § 2255 on the ground that the predicate offense, Hobbs Act robbery in violation of 18 U.S.C. § 1951, did not qualify as a crime of violence in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015).

For two reasons, we respectfully request that the Court continue to hold this case in abeyance. First, *Johnson*'s application to 18 U.S.C. § 924(c) will likely be substantially affected by the Supreme Court's ruling in *Sessions v. Dimaya*, Case No. 15-1498 (U.S.), which has been scheduled for re-argument on October 2, 2017.

Second, it remains unclear whether Hobbs Act robbery constitutes a crime of violence. While numerous lower courts have so held, even courts that find the offense to be a crime of violence recognize that the elements of the offense align with those of common law robbery. *See, e.g.*, *United States v. Taylor*, 206 F. Supp. 3d 1148, 1165–66 (E.D. Va. 2016) ("[T]he definition of Hobbs Act robbery tracks the definition of common-law-robbery."); *accord United States v. Walker*, 595 F.3d 441, 446 (2d Cir. 2010) ("'The common law crime of robbery and the various federal statutory offenses of robbery have substantially the same essential elements.'") (quoting *United States v. W.T.T.*, 800 F.2d 780, 783 (8th Cir. 1986)).

And the Fourth Circuit has held that both Virginia and North Carolina's common law robbery offenses do not constitute crimes of violence because they may be committed without the use of violent physical force. *United States v. Winston*, 850 F.3d 677, 685 (4th Cir. 2017) ("Because Virginia common law robbery can be committed when a defendant uses only a "slight" degree of force that need not harm a victim, Virginia common law robbery appears to encompass a range of de minimis contact by a defendant."); *United States v. Gardner*, 823 F.3d 793, 804 (4th Cir. 2016) ("North Carolina common law robbery does not qualify categorically as a "violent felony" under the ACCA."). Yesterday, for the same reason, the Ninth Circuit found that Florida's common law robbery offense did not constitute a crime of violence. *United States v. Geozos*, No. 17-35018, 2017 WL 3712155, at *8 (9th Cir. Aug. 29, 2017) ("We hold that neither robbery, armed robbery, nor use of a firearm in the commission of a felony under Florida law is categorically a "violent felony.").

2

In sum, we respectfully request that the Court continue to hold this case in abeyance pending the Supreme Court's decision in *Sessions v. Dimaya*, at which point many of the dispositive issues in this case will likely have been addressed through the issuance of binding precedent.

Respectfully submitted,
Eugene A. Thomas
By Counsel,
Geremy C. Kamens
Federal Public Defender

_____/s/_____
Geremy C. Kamens
Counsel for Defendant
Va. Bar No. 41596
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA   22314
(703)600-0848(telephone)
(703)600-0880 (facsimile)
Geremy_Kamens@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2017, I will electronically file the foregoing with the Clerk of court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Jonathan Fahey
> United States Attorney's Office
> 2100 Jamieson Avenue
> Alexandria, VA   22314

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the forgoing pleading will be delivered to Chambers within one business day of the electronic filing.

_____/s/_____
Geremy C. Kamens