IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No: 10-CR-279 |
| EUGENE ANTHONY THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

**United States' Reply to**
**Defendant's Amended Motion for Compassionate Release**

Defendant Eugene Anthony Thomas ("Defendant") is currently serving a reduced 210-month sentence at Federal Correctional Institution McDowell ("FCI McDowell") for a 12-store robbery spree, during which he carried and used a firearm. His victims ranged from large gas station chains to local convenience stores, and he pointed his firearm at employees and customers alike, terrorizing many of them. At one point, he discharged his firearm. On July 29, 2010, Defendant pled guilty to discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Presentence Investigation Report ("PSR") at ¶ 3-4. He originally received a sentence of 420 months' or 35 years' incarceration, a combination of stacked mandatory minimums of 120 months and 300 months. ECF No. 37. But in July 2015, roughly five years after the crimes, Defendant's 420-month sentence was ultimately reduced by court order to 210 months upon the United States' request, and Defendant is now scheduled for release in September 2025. ECF No. 45.

On November 13, 2020, after receiving a roughly one-half sentence reduction, Defendant filed a *pro se* motion for compassionate release, contending that his young age at the time of sentencing, his alleged limited criminal history, and alleged positive performance during

incarceration constitute "extraordinary and compelling reasons" to warrant early compassionate release. ECF No. 66. The United States timely responded on November 27, 2020. ECF No. 68. Defendant then filed a motion to amend his compassionate release motion and included his proposed amendments, and this Court granted Defendant's motion to amend on February 3, 2021. ECF No. 70.

In support of his amended motion, Defendant makes two new arguments. *First*, Defendant argues that the COVID-19 pandemic is an "extraordinary and compelling" reason for his release. This argument fails because Defendant neither sufficiently establishes risk of severe illness in the event of contracting COVID-19 nor demonstrates particularized risk of contracting COVID-19 in FCI McDowell. *Second*, Defendant contends that the length of his sentence and the disparity between the sentence he received and one he would receive today compel his immediate release.  But that argument is moot because Defendant already received the reduction his second argument contemplates, ECF No. 45, and the record before this Court establishes that immediate release is not appropriate given the 18 U.S.C. § 3553(a) sentencing factors.

## LEGAL STANDARD

Section 3582(c)(1)(A) authorizes a court to reduce a term of imprisonment when "extraordinary and compelling reasons warrant such a reduction." Although the statute "does not attempt to define the 'extraordinary and compelling reasons' that might merit compassionate release," the Sentencing Commission has "addressed the issue in a policy statement." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020). According to the policy statement, extraordinary and compelling reasons may exist based on the defendant's medical condition, age, family circumstances, or other reasons as determined by BOP. U.S.S.G. § 1B1.13. If a district court finds that extraordinary and compelling reasons exist, the court may not reduce a sentence

before "considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." § 3582(c)(1)(A). The defendant bears the burden of proving that he is entitled to relief under § 3582(c)(1)(A). *United States v. Weaver*, No. 1:17-CR-235, 2020 WL 4810123, at *2 (E.D. Va. Aug. 18, 2020); *see United States v. Morgan*, 473 F. Supp. 3d 544, 547 (D.S.C. 2020); *United States v. Edwards*, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).

The Fourth Circuit's recent decision in *McCoy* does not reduce Defendant's burden of establishing an extraordinary and compelling reason for relief under § 3582(c)(1)(A). In *McCoy*, the court held that the policy statement in U.S.S.G. § 1B1.13 is not "applicable" to compassionate release motions brought by defendants under § 3582(c)(1)(A). 981 F.3d at 281–82. Because § 1B1.13 "was adopted before the First Step Act" and specifically mentions only motions brought by BOP, the court reasoned that the policy statement does not apply to motions brought by defendants. *Id.* at 282. Absent an applicable policy statement, district courts should "make their own independent determinations of what constitutes an 'extraordinary and compelling reason[]' under § 3582(c)(1)(A), as consistent with the statutory language." *Id*. at 284. The Fourth Circuit noted, however, that § 1B1.13 "remains helpful guidance even when motions are filed by defendants." *Id*. at 282 n.7 (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (observing that "[t]he substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'" and that "a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused," such that the policy statement "can guide discretion without being conclusive")). Accordingly, the Fourth Circuit has continued to reference § 1B1.13 as a guidepost for compassionate release motions after *McCoy*. *See, e.g.*, *United States v. Trotman*, No. 20-6217, 2020 WL 7392287, at *2 (4th Cir. Dec. 17, 2020) (per

3

curiam); *United States v. Adamson*, 831 F. App'x 82, 83 (4th Cir. 2020) (per curiam). Courts in this district have followed suit. *See, e.g.*, *United States v. Nabaya*, No. 3:17-cr-3, 2021 WL 54361, at *6 (E.D. Va. Jan. 6, 2021); *United States v. Prater*, No. 3:13-cr-133 (DJN), 2021 WL 54364, at *3 (E.D. Va. Jan. 6, 2021); *Perkins v. United States*, No. 2:18-cr-177, 2020 WL 7364222, at *2 (E.D. Va. Dec. 15, 2020); *United States v. Reid*, No. 2:02-cr-172-7, 2020 WL 7318266, at *2 (E.D. Va. Dec. 10, 2020).

After *McCoy*, defendants still must "meet the heightened standard of 'extraordinary and compelling' reasons [to] obtain relief" under the statute. *McCoy*, 981 F.3d at 287; *see also Gunn*, 980 F.3d at 1180 ("The statute itself sets the standard: only 'extraordinary and compelling reasons' justify the release of a prisoner" under § 3582(c)(1)(A)(i)). The Fourth Circuit's decision maintains that § 3582(c)(1)(A)(i) "set[s] an exceptionally high standard for relief" and that the "extraordinary and compelling reasons" standard is reserved for "the truly exceptional cases." *McCoy*, 981 F.3d at 287-88.

## REPLY ARGUMENT

Defendant still fails to meet the "heightened standard" of demonstrating COVID-19 presents an extraordinary and compelling reason for relief. Furthermore, while the length and severity of Defendant's sentence may qualify as an extraordinary and compelling reason for a sentence reduction under *McCoy*, Defendant already received a 210-month sentence reduction, and the seriousness of Defendant's crime and an evaluation of the sentencing factors counsel against immediate release.

**I.    The Court should deny Defendant's motion because he has not established an extraordinary and compelling reason for compassionate release.**

Defendant has not established that this Court should exercise its discretion under § 3582(c)(1)(A)(i) to grant compassionate release because his medical conditions do not make

4

him sufficiently susceptible to severe illness in the event of contracting COVID-19 and he has not established a particularized risk of contracting COVID-19 at his facility.

A.    **COVID-19 is not an extraordinary and compelling reason warranting Defendant's release.**

Courts have held that the COVID-19 pandemic, by itself, is not a sufficient basis for compassionate release. *See, e.g.*, *United States v. Thompson*, No. 20-40381, 2021 WL 37493, at *3 (5th Cir. Jan. 5, 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release."); *Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release ….."); *see United States v. Miller*, No. 3:16cr121, 2020 WL 4547809, at *5 (E.D. Va. Aug. 6, 2020) (Defendant "cannot rely merely on a fear of contracting COVID-19 as grounds for compassionate release." (internal quotation marks omitted)); *United States v. Day*, 474 F. Supp. 3d 790, 805 (E.D. Va. 2020) ("[W]hile the global health crisis is no doubt extraordinary, it affects all prisoners; and the risk of being infected by COVID-19, standing alone, fails to justify an inmate's compassionate release."); *Feiling*, 453 F. Supp. 3d at 842 ("[T]he threat of COVID-19 exists both in- and outside of prison walls, and Defendant's fear of contracting COVID-19 cannot justify his release."). "Indeed, a general fear of contracting COVID-19, without a sufficient basis for that fear, does not provide an extraordinary and compelling reason for a defendant's release." *United States v. Chandler*, No. 3:15mj122( (DJN), 2020 WL 6139945, at *5 (E.D. Va. Oct. 19, 2020); *see also United States v. Evans*, No. 3:00cr63, 2020 WL 5121331, at *5 (E.D. Va. Aug. 31, 2020) ("[A] 'fear' of contracting COVID-19[] … will not suffice as an 'extraordinary and compelling' reason for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)."). Instead, "[i]n the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows

both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *Adamson*, 831 F. App'x at 83 (quoting *Feiling*, 453 F. Supp. 3d at 841); *see United States v. Blevins*, No. 20-7053, 2020 WL 7691726, at *1 (4th Cir. Dec. 28, 2020) (per curiam).

In this case, Defendant has not met the "heightened standard" of demonstrating an "extraordinary and compelling" reason for relief. Therefore, the Court should deny his motion for compassionate release.

> ### B.     Defendant has not demonstrated that he faces a particularized risk of contracting COVID-19 at FCI McDowell.

Defendant is not entitled to compassionate release under § 3582(c)(1)(A) because he has not established a "particularized risk of contracting the disease at his prison facility." *Adamson*, 831 F. App'x at 83. Defendant asserts that his obesity warrants his release because it renders him susceptible to severe illness in the event of contracting COVID-19. ECF No. 69 at 13. In light of the COVID-19 pandemic, Defendant's obesity is a risk factor, "albeit one that is not a permanent condition." *United States v. Johns*, No. 2:15-cr-24, 2020 WL 6544385, at *1 (E.D. Va. Nov. 5, 2020) (finding that the defendant was not entitled to compassionate release based on his asserted prediabetes, hypertension, and obesity); *see also, e.g.*, *United States v. Moody*, No. 1:02-cr-4-MR-4, 2020 WL 3433132, at *3 (W.D.N.C. June 23, 2020) (observing that the defendant had not shown that his history of smoking or other conditions were "terminal or substantially diminish[ed] his ability to provide self-care while in prison"). While some courts have released inmates with sufficiently high BMIs who were otherwise healthy, many have refused to view obesity as a dispositive factor. *See, e.g., United States v. Pride*, No. 16-cr-076-WJM, 2020 WL 3971652, at *2 (D. Colo. July 14, 2020) (denying release for 37-year old inmate with obesity and hypertension); *United States v. Lindquist*, 2020 WL 3513505, at *3 (E.D. Tex. June 26, 2020)

(denying release for morbidly obese inmate because her condition does not "substantially diminish her ability to provide self-care").

Even if the Court determines that Defendant suffers from a medical condition that makes him particularly susceptible to COVID-19, he has not established an "extraordinary and compelling" reason for compassionate release because he has not shown any "particularized risk of contracting the disease at his prison facility." *Adamson*, 831 F. App'x at 83; *see, e.g.*, *United States v. Evans*, No. 3:00cr63, 2020 WL 5121331, at \*4-\*5 (E.D. Va. Aug. 31, 2020) (finding that the defendant's underlying medical conditions were "extraordinary and compelling" but that she did not face a particularized risk of contracting COVID-19 at her facility).

Courts have required that a defendant's particularized risk "be supported by evidence of an actual outbreak in his facility, not simply the mere possibility of COVID-19 spreading to his camp." *United States v. Little*, No. 1:10-cr-135, 2020 WL 3442173, at \*2 (E.D.Va. June 23, 2020); *see also, e.g.*, *Beahm*, 2020 WL 4514590, at \*2. Here, FCI McDowell has a total of 1,304 inmates. As of February 17, 2021, there are 7 inmates and 4 staff members who are positive for COVID-19. 413 inmates and 44 staff members previously tested positive for COVID-19 and have since recovered. No inmate or staff member at the facility has died from COVID-19.

Moreover, Defendant has not established any "inadequacies" relating to FCI McDowell's "protocols," much less "how those inadequacies jeopardize his health." *United States v. Bryant*, No. 4:19cr47-10(DJN), 2020 WL 7497805, at \*5 (E.D. Va. Dec. 21, 2020). FCI McDowell continues to follow BOP's modified operations plan during the COVID-19 emergency. The mitigation efforts contained in the modified operation plan reinforce that Defendant does not face a particularized risk at his facility. *See, e.g.*, *Beahm*, 2020 WL 4514590, at \*2 (noting BOP efforts to contain the spread of COVID-19, including "limiting access to prisons, restricting

prisoner movements within prisons, using screening and testing, educating inmates and staff on preventing the spread of disease, providing masks and hand cleaners, and separating ill inmates").

## II.     Even if there are extraordinary and compelling reasons, the Court must consider the statutory sentencing factors, which do not support immediate release.

If the Court determines that Defendant has demonstrated an extraordinary and compelling reason for compassionate release—based on COVID-19 or *McCoy*—it must consider the statutory sentencing factors. Section 3582(c)(1)(A) requires a court to consider the factors set out in 18 U.S.C. § 3553(a) before reducing a defendant's sentence. Those factors include "the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant." *Prater*, 2021 WL 54364, at *4 (citing 18 U.S.C. § 3553(a)(1)–(2)). Section 3553(a) also instructs courts to "consider the kinds of sentences available and the sentencing range established for the offense." *Nabaya*, 2021 WL 54361, at *4 (quoting 18 U.S.C. § 3553(a)(4)). Further, the Sentencing Commission policy statement, U.S.S.G. § 1B1.13, instructs courts to consider the factors set forth in 18 U.S.C. § 3142(g), including "the nature and circumstances of the offense charged …; the history and characteristics of the person …; [and] the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* (quoting 18 U.S.C. § 3142(g)). Additionally, "the Sentencing Commission has emphasized that a defendant's rehabilitation while incarcerated," by itself, is "insufficient to warrant a sentence reduction." *Prater*, 2021 WL 54364, at *4 (citing U.S.S.G. § 1B1.13, application note 3). In this case, the relevant statutory

sentencing factors do not support immediate compassionate release.[1]

### A.   The statutory factors weigh against Defendant's immediate release.

Courts in this district consider the seriousness of the defendant's offense when deciding compassionate release motions. *Albury v. United States*, No. 2:19-cr-68, 2020 WL 6779643, at *5 (E.D. Va. Oct. 23, 2020) (finding that the statutory sentencing factors weighed against release where the defendant "was convicted of a large-scale drug trafficking crime that he conducted over the course of five years," "possessed firearms," and "often travelled interstate to purchase and sell drugs"). As previously argued in its original response, the United States maintains that Defendant's crimes were serious and warrant continued imprisonment, given the psychological trauma Defendant inflicted on his victims across twelve robberies, having pointed his firearm at several helpless victims and discharged it at one point. While Defendant attributes his crimes to youthful misjudgment, a 24-year-old man is not an impetuous teenager. Defendant would pose a physical and economic danger to the public, given the magnitude of his firearms-related crimes and the economic havoc they wreaked. And releasing Defendant now, when he already received a significant reduction of 210 months in his original sentence, would undoubtedly undermine respect for the law and deterrence efforts.

Moreover, Defendant's violations did not end upon his arrest. Defendant's prison disciplinary record contains entries from as recent as 2017 for possessing a hazardous tool, possessing narcotics, and possessing drugs/alcohol. This is in addition to a range of minor

---

[1] To be sure, even if the Court grants Defendant's motion, the Court need not immediately release him. *See United States v. Rodriguez*, 2020 WL 5810161, at *6–8 (S.D.N.Y. Sept. 30, 2020); *United States v. Maumau*, 2020 WL 806121, at *8 (D. Utah Feb. 18, 2020). Courts have discretion to weigh the circumstances and opt instead to "reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

violations during his period of imprisonment such as possession of gambling paraphernalia and abuse of telephone. Therefore, Defendant clearly remains undeterred from violating BOP's code of conduct, just as he was undeterred from violating the law in 2010.

While Defendant would have faced a 204-month minimum period of incarceration under the current penalties for § 924(c), Defendant would still have time remaining in his sentence. He already received a 210-month reduction upon request of the United States, so the sentence he's currently serving accurately reflects the current penal landscape. ECF No. 45. Defendant has served 120 months, leaving a balance of 55 months in his already-reduced sentence when factoring in good-time credit. Thus, immediate release would treat Defendant differently than similarly-situated defendants. The Court should not immediately release Defendant and create an unwarranted sentencing disparity.

Finally, Defendant plans to reside with his fiancé and son in Alexandria, Virginia if released. ECF No. 69. At minimum, the Court should delay release to allow the United States Probation Office to investigate Defendant's release plan. The current information provided by Defendant is insufficient for this Court to determine that adequacy of his release plan.

## CONCLUSION

Defendant has not shown that COVID-19 is an extraordinary and compelling reason for his immediate release. He already received a roughly one-half sentence reduction upon request of the United States. If the Court determines *McCoy* and its progeny compel a sentence reduction, the statutory sentencing factors do not support immediate release. If the Court determines that Defendant is entitled to immediate compassionate release, the Court should require Defendant to complete a 14-day quarantine controlled by BOP prior to his release and provide a sufficient release plan.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

_____ /s/ _____
George Meggali
Special Assistant United States Attorney
Tony R. Roberts
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Office: (703) 299-3700
Fax: (703) 299-3980
Email: George.Meggali2@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on February 17, 2021, I electronically filed the foregoing response with the

Clerk of Court using the CM/ECF system, which will serve all counsel of record.

And I hereby certify that I will mail the foregoing by U.S. mail to the following non-

filing user:

> Eugene A. Thomas, Register No. 76010-083
> FCI McDowell
> Federal Correctional Institution
> P.O. Box 1009
> Welch, West Virginia 24801

By:     _____/s/_____
George Meggali
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office: (703) 299-3700
Fax: (703) 299-3980
Email: George.Meggali2@usdoj.gov